SIMS *v.* THE CONSOLIDATED ICE MACHINE COMPANY.

There was no abuse of discretion in denying the injunction or in dissolving the restraining order.     *Judgment affirmed.*
February 20, 1893.

Before Judge FISH. Sumter county. November 9, 1892.

Application was made by Sims for injunction to prevent the collection of an execution against him. It appears from his petition that on January 28, 1886, he contracted with the Consolidated Ice Machine Co. to furnish him, within the next three months, certain machinery for the manufacture of ice at the price of $14,000, payable in instalments of $3,000 on signing the contract, $3,000 when the machine was in successful operation, $4,000 in six months thereafter, and $4,000 in twelve months from the second payment. The contract contained sundry guarantees of the quality and capacity of the machinery and stipulated that "when the machine shall have been thoroughly tested and found to fulfill all" that had been guaranteed for it, the purchaser should accept it and make full settlement for it according to the terms of the contract. The petition sets up that time was not of the essence of the contract, and that therefore there was no limitation as to the time in which the machinery should be thoroughly tested and

found to fulfill all the guarantees. The machinery was delivered within the time contracted for, and was put into operation. On May 1, 1889, Sims still owed the company on the machinery $1,108.70 besides interest. For this suit was brought against him to the November term, 1889, of the superior court, to which he pleaded the general issue. On May 29, 1890, Sims entered into an agreement with the counsel for the company that the case be continued to the November term, 1890, and in consideration thereof, should the claim be not settled by that time, he should withdraw all pleas and defence and allow judgment to be entered against him without further litigation. The claim was not settled and the judgment was entered, from which execution issued and was levied on Sims' property May 21, 1891. Ten days afterwards this petition for injunction was presented. Therein are set out quite a number of deficiencies in the quality and capacity of the machinery, and it is alleged that Sims would have pleaded these in defence to the suit in which the judgment was taken, had he known of them, and that it was impossible for him to thoroughly test the machinery and know the limit of its capacity for several years after it was first operated. He sets forth numerous circumstances as reasons why he did not know, and alleges that the company knew and used its knowledge to defraud him, etc. He claims that he has been damaged in a large sum by the failure of the machinery to produce as much ice as he insists was in contemplation of the parties; and further alleges that the levy is excessive, and charges that the company has become insolvent, etc. At the hearing much evidence of a conflicting nature was introduced. The judge denied the injunction, and dissolved a temporary restraining order previously granted. Sims excepted.

HINTON & CUTTS, for plaintiff.

GUERRY & SON, for defendant.